IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA HALL,

    Plaintiff,

  vs.            Case No. 06-1240-JTM

ED WHITACRE, et al.,

    Defendants.

MEMORANDUM AND ORDER

  This is a pro se action by plaintiff Linda Hall. The action is a consolidation of two separate Complaints brought by Hall, Nos.06-1240 and 06-1304, which assert violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, a potential Kansas common law retaliation claim involving workers' compensation, and slander.

  There are two motions before the court. First, defendants Ed Whitacre, Brad Brown, Cindy Dolan and Beth Gehring seek dismissal (or, in the alternative, a more definite statement and to strike), arguing that the Title VII, ADA and common law retaliation claims against them as individuals should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Or, they argue, the Title VII and ADA claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. They contend that the claims against Whitacre should be dismissed for lack of personal jurisdiction. They generally argue that the FMLA and slander claims lack any

specificity. And they argue that additional references by Hall to her administrative action in pursuit of unemployment benefits are irrelevant to any matter here and should be dismissed.

Also before the court is defendants' motion to strike (Dkt. No. 39). The motion seeks to strike as a surreply plaintiff's second responsive pleading filed on May 18, 2007. Hall filed no request for leave to file a surreply prior to filing her May 18 pleading. Even if such a request had been submitted, it would have been denied. Surreplies are heavily disfavored, and are allowed only in the most extraordinary circumstances. *Cotracom Commodity Trading v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999). No such circumstances are present here. All of the material referenced in the surreply was previously available to Hall and could have been submitted in her first response. Much of the material appears to be inadmissible evidence. The Surreply essentially provides additional and longer arguments, which also could have been submitted in the first response. There is utterly no justification for the surreply. While the court accords deference to pro se litigants, it can find no basis herein for excusing the strict rule against surreplies where there is not the slightest rationale for doing so. The surreply is improper and the Motion to Strike will be granted.

Defendant Bond seeks dismissal for failure to state any claim against him, and for lack of personal and subject matter jurisdiction.

Hall does not controvert the facts set forth by the defendants. Those facts establish that AT&T Inc., is a Delaware corporation and does not have any business offices in Kansas. AT&T Inc., does not offer telecommunications services in Kansas and does not have any employees in Kansas. Whitacre is the chairman and CEO of AT&T. His business office, at all times relevant to

this proceeding, has been located in San Antonio, Texas. In carrying out his duties for AT&T, Whitacre has had no contacts with Kansas relating to Hall's causes of action.

Southwestern Bell Telephone, L.P. is a Texas limited partnership and at all times relevant to this action has been Hall's employer.

The Complaints identify alleged causes of action pursuant to Title VII and the ADA against the individual defendants. Hall claims that she received a notice of right to sue letter from the Equal Employment Opportunity Commission (for her Title VII and ADA claims) on or about April 1, 2005.

Case No. 06-1240 was filed on August 17, 2006. Case No. 06-1304 was filed on October 10, 2006. The Complaint in Case No. 06-1240 makes various references to the FMLA, but it does not specify the nature of any alleged FMLA claim. Additionally, there are two references to "slander" in Case No. 06-1240.  On or about March 6, 2007, the Complaints were amended to allow for the inclusion of a Kansas Department of Labor Unemployment Insurance hearing decision and related materials.

Defendant Jess Bond is a physician who resides in Ohio.  His principle place of business is in Akron, Ohio.  Bond is identified as a defendant in Case No. 06-1204, and there is referred to as "Jeff Bond." Bond, acting as an independent contractor of SBC Communications, Inc., reviews SBC employee's applications for FMLA leave.  His only contact with Kansas has been to make telephone calls to physicians to confirm the information contained in FMLA applications.

Hall has filed a response stating that she will in the future supply details about "the slanderous comments made to me, and about me." (Dkt. No. 35, at 2). She states that she "will be able to provide more definite statements and violations" in the future, and then "will argue my complaints with factual and verifiable documentation." (Id. at 3).However, as noted earlier, Hall

supplies no direct, admissible evidence which would controvert any of the factual allegations of the defendants' motions.

In her response to Bond's motion, Hall relates a story she heard from her doctor's nurse that Bond had called to obtain medical information, but lacked any release from Hall. Hall says she then telephoned Bond, but he did not identify himself. She states that "[t]his entire process could have been avoided, if the proper release of information was provided," but that she would "agree to allow the court to dismiss, any claim without prejudice, to me Linda Hall, Plaintiff that has been filed against Defendant, Jess G. Stone." (Dkt. No. 34, at 3).

Although accorded some leniency as a pro se litigant, a plaintiff must still "plead minimal factual allegations on those material elements that must be proved." *Mabon v. Kansas City Bd. of Public Utilities*, 2003 W.L. 22466157 at *1 (D.Kan. Sept. 5, 2003) *(citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). This Hall has failed to do. Her Complaints raise various claims against a variety of individual defendants, but individual supervisors are not appropriate defendants in actions under Title VII and the ADA. *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). This is true as well for actions alleging retaliation under Kansas common law. *See Rebarchek v. Farmers Coop Elevator*, 272 Kan. 546, 562, 35 P.3d 892 (2001). Because plaintiff has failed to submit allegations which would justify holding the individual defendants liable under these theories, the court will dismiss these claims with prejudice.

The defendants also seek dismissal of the Title VII and ADA claims as lacking in subject matter jurisdiction. They stress that Hall received her EEOC letter on April 1, 2005, but did not bring these claims until August 17, 2006 (Case No. 06-1240) and October 10, 2006 (Case No. 06-

4

1304). Accordingly, these claims are untimely. *See Young v. Desco Coatings of Kansas, Inc*., 179 F.R.D. 610, 613 (D.Kan. 1988).

Defendant Whitacre also seeks dismissal for lack of personal jurisdiction, arguing that due process would not support exercising jurisdiction over him here. *See Oxford Transportation Services, Inc. v. MAB Refrigerated Transport, Inc*., 792 F.Supp. 710, 713 (D.Kan 1992). The court agrees. There is no evidence that Whitacre has had any direct or systematic contact with the State of Kansas. Hall stresses that Whitacre receives a salary from a corporation which received the benefit of her labor in Kansas. Hall does not cite any authority for the proposition that personal jurisdiction over a corporate CEO can be created solely by such a tenuous, indirect corporate connection. It is insufficient that Whitacre may have had some accidental relationship to Kansas owing to AT&T's presence in the state. But the plaintiff must show that the defendant purposely engaged in contacts with Kansas. *Marcus Food v. Crown Meat*, 779 F.Supp. 514, 520 (D.Kan. 1991). This, plaintiff has failed to do. Further, the plaintiff has not demonstrated any nexus between Whitacre's contacts with Kansas and her own cause of action. *Asahi Metal Indus. v. Superior Court of California*, 480 U.S. 102, 109, 107 S. Ct. 1026 (1987). The court finds no basis for exercising personal jurisdiction over the defendant Whitacre in Kansas.

Next, defendants argue that Hall's FMLA and slander claims are too vague and nebulous to form a responsive pleading. They seek an order under Fed.R.Civ.P. 12(e) requiring plaintiff to clarify her FMLA claims by explaining (a) who the claims are brought against, (b) the nature of the claims (whether a claim for FMLA benefits, a claim of FMLA retaliation, or a claim of interference with rights under the FMLA), and (c) the damages claimed. And further ordering Hall to clarify with respect to her slander claims: (a) against whom her claim of slander is directed, (b) the substance

of the alleged slanders, and (c) when the statements occurred. The court has reviewed the allegations in Hall's Complaints and finds that a more definite statement is required. Defendants' motion is accordingly granted. Rule 12(e) provides that a response to an order granting a motion for more definite statement must be filed within ten days "or within such other time as the court may fix." Given the pro se status of the plaintiff, the court will permit and require Hall to file an Amended Complaint elaborating on her slander and FMLA claims within 20 days of the date of this order.

Finally, defendants seek to strike references in the pleadings to Hall's unemployment benefits administrative action. The court agrees that the relief is warranted. K.S.A. §44-709(j) clearly limits the impact of any such administrative ruling, and the court can find no independent relevance to the claims which Hall has raised here.

IT IS ACCORDINGLY ORDERED this 30th day of May, 2007 that the defendants' Motions to Dismiss and to Strike (Dkt. Nos. 28, 32, 39) are granted for the reasons and to the extent stated herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE