IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA HALL,

          Plaintiff,

vs.                                       Case No. 06-1240-JTM

ED WHITACRE, et al.,

          Defendants.

MEMORANDUM AND ORDER

On May 31, 2007, the court granted the motion to dismiss of the defendants. The court held that, even granting all permissible allowances to plaintiff Linda Hall as a pro se plaintiff, she had nonetheless failed to present any actionable claim. The court excluded an additional surreply filed by Hall, finding that she had presented utterly no justification for the filing. Further, the court held that plaintiff has presented no basis for imposing liability against the individual defendants. The court also found that Hall's Title VII and ADA claims were untimely. The court held that the plaintiff had failed to show any basis for imposing personal jurisdiction over the defendant Whitacre in Kansas. The court agreed that Hall's FMLA and slander claims are too vague and nebulous to form a responsive pleading, and required her to submit an amended complaint more definitely stating these claims within 20 days. Finally, the court granted the defendants' request to strike references to the results of the prior administrative action as irrelevant.

Following the court's order, three motions have been submitted to the court. Shortly after the court's order, Hall filed a motion seeking to dismiss Jeff Bond as a defendant. (Dkt. No. 43)

Second, Hall, on June 19, 2007, filed a motion seeking reconsideration of the court's order of May 31. (Dkt. Nos. 44,48) The defendants responded by filing a motion to strike the June 19 pleading. (Dkt. No. 45)

The court will deny the motions before the court. Hall's motion for reconsideration fails to meet the standards for such a motion. A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Hall fails to show any basis for reconsideration, and the motion is denied. First, to the extent Hall's pleading is treated as a motion for reconsideration, it is untimely. Under Fed.R.Civ.Pr. 59(e), Hall was required to present any such motion within 10 days of the court's order. The present motion is untimely and the court is accordingly without power to grant the relief sought.

Further, even if the motion were not untimely, it would fail on the merits. With respect to the various claims which were directly dismissed, such as Hall's Title VII claim, the motion fails to show how the court's order reflects a misapprehension of her position, the facts, or the applicable

law, or that she now possesses evidence or allegations which she could not have previously presented in due diligence.

Moreover, rather than filing an amended complaint more fully defining the scope of her defamation and FMLA claims, as specifically directed by the court, Hall has simply appended hundreds of pages of various documents to her motion for reconsideration, many of which have no bearing at all on these claims, but are apparently relevant only to the other claims explicitly dismissed in the court's previous order. See Dkt. No. 44, Attachments 1-9. The very purpose of the court's prior order was that pursuant to Fed.R.Civ.Pr. 12(e) the defendants cannot be obliged to sift through a mountain of information in order to form plaintiff's claims for her.

The court will deny the defendants' request to strike the June 19 pleading. The pleading is conclusory, ineffective, untimely, and fails to satisfy the prior orders of the court, but presents no material so vexatious to require striking the pleading.

Hall's motion with respect to defendant Bond is moot, since the action has been, and will remain, dismissed. *See* Dkt. No. 41, *granting* Bond's Motion to Dismiss, Dkt. No. 32.

IT IS ACCORDINGLY ORDERED this 26th day of July, 2007 that the plaintiff's Motion to Dismiss Jeff Bond (Dkt. No. 43) and Motion for Reconsideration (Dkt. Nos. 44, 48), as well as defendants' Motion to Strike (Dkt. No. 45, Part 2) are hereby denied. The remaining portions of the plaintiff's claims asserting claims under FMLA and defamation are hereby dismissed from the action for failure to file a timely amended complaint as directed by the court in its prior order. The defendants' motions independently requesting such relief (Dkt. No. 45, Part 1, and Dkt. No. 50) are denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE